## Hoar v. City of Lancaster et al.

*Health law — Sale of milk — City ordinance regulating — Regulations to enforce ordinance—Power to make—Presumption as to purity.*

1. A city ordinance regulating the sale of milk in the City of Lancaster provided, *inter alia*, that milk should not be sold "produced by diseased cows," that "cows which react to the tuberculin test shall be considered diseased" and that "the presence of a diseased animal in the herd shall be *prima facie* evidence that the milk of the diseased animal is sold." Under these provisions and without other authority the local board of health adopted a regulation requiring that all milk sold in the city must be from "herds tuberculin tested under Federal or State supervision" or where application has been filed for such test. The ordinance further provided for the enforcement of the ordinance by the board of health as a milk inspection bureau, through a chief and assistants to be appointed, who should annually test all cows furnishing milk for the city. The plaintiff, a milk dealer in Lancaster City, was notified by the board of health to cease the sale of milk produced by certain farmers named who had failed to make application for a Federal or State test under the said regulation on threat of revocation of his license, and he filed a bill in equity to enjoin such action: *Held*, (1) that the preliminary injunction should be continued, as the ordinance did not authorize the regulations; (2) that there could be no presumption that any milk offered for sale in the City of Lancaster was from diseased cows; (3) that the burden was on the board of health so asserting to prove it, and the ordinance itself expressly provided how this fact should be ascertained.

2. It was not necessary for the milk producer to apply for Federal or State inspection under the ordinance, and the board of health could only make regulations necessary to enforce the ordinance and not inconsistent with it.

Bill for injunction. Motion to dissolve. C. P. Lancaster Co., Equity Docket 7, page 260.

*Paul Mueller, John M. Groff* and *John E. Malone*, for plaintiff.

*H. L. Raub*, for defendants.

HASSLER, J., Aug. 10, 1926.—The sale of milk in the City of Lancaster is regulated by an ordinance approved Jan. 7, 1925. One of its provisions is that every person, before selling milk in the City of Lancaster, shall be licensed to do so by the board of health of the city. It is also provided in the ordinance that "each license shall be granted on the condition that it is subject to suspension for violation of any provision of this ordinance or of any regulation

Hoar *v.* City of Lancaster et al.

thereunder." A license to sell milk in the City of Lancaster was issued to Clinton O. Hoar, the plaintiff. On July 15, 1926, notice was served on him by the milk supervisor of the board of health, directing him to discontinue receiving milk from the following farmers, Henry H. Hoover, John M. Kreider, John L. Kreider and Harrison Eshleman, "as they have failed to comply with Regulation No. 1, passed by the board of health," as authorized by the Ordinance of Jan. 7, 1925. On July 19, 1926, at a special meeting, the board of health authorized its officers to proceed to revoke the license of said C. O. Hoar, the plaintiff.

The ordinance describes seven different kinds of milk that shall not be sold in this city. One of them is milk "produced by diseased cows," which it provides shall not be sold nor delivered in the City of Lancaster, and that, "for the purposes of this ordinance, cows which react to the tuberculin test shall be considered diseased." It also provides that "the presence of a diseased animal in a herd from which milk is sold shall be *prima facie* evidence that the milk of the diseased animal is sold contrary to law." It authorizes the board of health to "make all necessary regulations for enforcing this ordinance which are not inconsistent with the provisions contained herein."

It is contended by the defendants that these provisions of the ordinance in question authorized and empowered the Board of Health of Lancaster City to adopt Regulation No. 1, for the violation of, or failure to comply with, which by the producers from whom the plaintiff purchased milk it proposes to revoke the license of the plaintiff. It is conceded by the defendants that the board of health is not given authority by any act of assembly or other ordinance to adopt regulations to enforce the provisions of the Ordinance of Jan. 7, 1925.

Assuming to act on the authority given to it by this Ordinance of Jan. 7, 1925, the board of health made Regulation No. 1, which provides that, after Jan. 1, 1926, all milk furnished for sale in Lancaster City must be from herds "tuberculin tested under Federal and State supervision, or from herds whose owners have filed their applications for test." The only provision in the ordinance which this Regulation No. 1 is intended to enforce is that which prohibits the sale of milk produced by diseased cows, which are defined to be cows which react to the tuberculin test and cows of a herd that contains a diseased animal.

As the board of health does not have authority to make regulations for the sale of milk other than that given in the ordinance regulating its sale in this city, it follows that, if the regulation which it has made is *not necessary* to enforce the provisions of the ordinance forbidding the sale of milk produced by diseased cows, or if it is *inconsistent* with the provisions of the ordinance, it is void and cannot be enforced, for the ordinance provides that such regulations must be necessary to enforce, and not be inconsistent with, its provisions.

There is no presumption that any milk offered for sale in this city is from a diseased cow, or from a cow of a herd containing a diseased animal, so that, before its sale can be prevented, it must be shown to have come from such a source. It is a well-settled rule of law that when one asserts or depends on a fact, the burden is on him to prove it. If, therefore, the board of health wants to exclude the sale of any milk in this city, the burden, under this rule, is on it to show that the milk is one of the kinds of milk which the ordinance forbids the sale of.

But the duty of the board of health to ascertain whether the milk is such as cannot be sold in this city does not depend upon the general rule which we have just stated, as it is clearly set forth in the 4th section of the ordinance. It is provided there that, *for the purpose of carrying out the provisions of the*

*ordinance*, the board of health shall be constituted a milk inspection bureau, and shall appoint a chief of bureau and as many assistants as are necessary. The chief shall enforce the provisions of the ordinance and the regulations passed in pursuance of it. He or a duly authorized deputy or assistant must, at least *four times in each year*, inspect all animals, stables, milk-rooms, etc., used in the production of milk for sale in Lancaster City, and from time to time investigate the health of all those who handle such milk. For the purpose of enforcing the provisions of the ordinance and the regulations passed under it, the said "chief of the milk inspection bureau *shall annually cause to be tested with tuberculin* all cows furnishing milk for the City of Lancaster." In order that the chief of the bureau and his assistants shall not be interfered with in the performance of these duties, section 3 provides that all applications for license "shall contain an agreement that the board of health, its deputies and assistants, shall have the right to inspect the cows, premises and methods of said producer."

As the duty of testing cows with tuberculin to ascertain whether they are diseased, so as to prevent the sale in the City of Lancaster of milk produced by diseased cows, is thus expressly imposed on the board of health or its officers, the imposition of this duty upon the producer of the milk, or of requiring him to make application to have his cows tested under Federal or State supervision, is not necessary, and the board of health did not have authority to make it, as it could only make regulations that are necessary to enforce the provisions of the ordinance.

If the regulation was passed to impose upon the producer the duty of having his cows tuberculin tested, and to relieve the officers of the board of health from performing that duty which the ordinance expressly imposed upon them, the board of health exceeded the authority given to it in the ordinance, as no authority is given to it to shift its responsibilities and duties on others. As the ordinance requires such test to be made by the officers of the board of health, a regulation requiring it to be done by others is inconsistent with the provisions of the ordinance, and, therefore, void.

We are of the opinion that the board of health exceeded the power given to it in the ordinance in making Regulation No. 1, because it is not necessary to enforce the provisions of the ordinance, and also because it is inconsistent with its provisions, and that, therefore, the regulation is void and unenforceable.

The ordinance authorizes the chief of the milk inspection bureau to revoke a license for the violation of any of its provisions or of the regulations made thereunder. It is admitted that neither the plaintiff nor the producers from whom he purchased milk have violated any of the provisions of the ordinance. The failure of the producers to make application to have their herds tested, which is the only violation of the regulation charged, is a requirement contained in the regulation which we think is void, and such failure, therefore, would not justify the board of health either in refusing to grant a license to the plaintiff or in revoking it since it has been granted.

We are not passing upon the merits of the regulation adopted by the board of health, nor deciding that the City of Lancaster does not have power to authorize the board of health to make such regulation. We only decide that in the Ordinance of Jan. 7, 1925, the board of health is not authorized to make the regulation it has made.

We, therefore, refuse the motion to dissolve the preliminary injunction granted in this case and continue it until final hearing.

From George Ross Eshleman, Lancaster Pa.